IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COUNTY OF ALAMEDA, a political
subdivision of the State of California,

    Petitioner/Plaintiff,

  v.

BENJAMIN D. AGUSTIN,

    Respondent/Defendant.

                                             /

No. C 05-02954 JSW

**ORDER GRANTING
PLAINTIFF'S MOTION TO
REMAND TO STATE COURT**

## I. INTRODUCTION

Now before the Court is the motion to remand this action to state court filed by Plaintiff the County of Alameda (the "County"). Having carefully reviewed the parties' papers, considered their arguments and the relevant authority, and good cause appearing, the Court hereby GRANTS the County's motion to remand.[1]

## II. BACKGROUND

The County originally filed this action in the Superior Court of California in the County of Alameda, on June 10, 2005, asserting that Defendant Benjamin B. Agustin ("Agustin") was the parent of Caitlin N. Manuel ("Child"), born March 5, 2005 to Joanne Manuel ("Manuel"). The County is seeking child support payments from Agustin for Child and health insurance for

---

[1] The Court HEREBY GRANTS Augustin leave to file a sur-reply and has considered Agustin's response to the County's reply brief. Because the Court is remanding this action, the Court HEREBY DENIES Agustin's *ex parte* motions to reconsider the order denying his application to proceed *in forma pauperis*, to appoint counsel, and to stay proceedings until the Court hears his motion to appoint counsel and DENIES his second application to proceed *in forma pauperis* as MOOT.

Child provided the insurance is available at no or reasonable cost. (Compl. at pp. 1, 3.) The County brought its action under the California Family Code.

On July 20, 2005, Agustin removed the County's case under 28 U.S.C. § 1441, citing federal question jurisdiction as the basis for removal.[2] Agustin argues that Manuel is unlawfully present in the United States and is not eligible for child support services. Agustin contends that the County's complaint against Agustin violates Agustin's rights in violation of 42 U.S.C. §§ 1983 and 1981 and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. Additionally, Agustin argues that the County's action against Agustin violates federal immigration laws, federal public benefit laws, and California Welfare and Institutions Code Section 10001.5, and that the County's state law claims are completely pre-empted by Title IV-D of the Social Security Act.

The County filed a notice of motion to remand on August 19, 2005.

### III.  ANALYSIS

**A.    Legal Standards Relevant to Removal Jurisdiction.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

---

[2] Agustin concedes that diversity jurisdiction is not a proper grounds for removal. (Opp. Br. at 2.)

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. 1, 27-28 (1983). A court cannot exercise removal jurisdiction, however, on the ground that the complaint gives rise to a potential or an anticipated defense that might raise a federal question, even if the defense is the only question truly at issue in the case. *Id.* at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original).

While a defense of pre-emption, also known as "ordinary pre-emption," is insufficient to demonstrate removal jurisdiction, "complete pre-emption," which is a corollary to the well-pleaded complaint rule, would be a sufficient basis for removal. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996). Under the complete pre-emption doctrine, the force of certain federal statutes is considered to be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Rains*, 80 F.3d at 344. The doctrine of complete pre-emption only applies if the plaintiff could have asserted a federal claim based on the allegations of the state law complaint. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("Thus, to remove a state law claim to federal court under the complete pre-emption doctrine, federal law must both completely pre-empt the state law claim and supplant it with a federal claim."); *see also Hofler v. Aetna US Healthcare of Cal., Inc.*, 296 F.3d 764, 767 (9th Cir. 2002). Complete pre-emption is a narrow exception and most federal statutes do not fall into the category of complete pre-emption. *See Hofler*, 296

3

F.3d at 768. In fact, the Supreme Court has found only three statutes to have the requisite extraordinary pre-emptive force support a finding of complete pre-emption: § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, *see Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 558-562 (1968); § 502(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a), *see Metro. Life Ins.*, 481 U.S. at 65-66; and §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85-86, *see Beneficial Nat'l. Bank v. Anderson*, 539 U.S. 1, 7-11 (2003).

**B.    Agustin Fails to Establish that Federal Question Jurisdiction Arises Under the County's Complaint**

Agustin has not demonstrated under the well-pleaded complaint rule that federal law creates the cause of action in the County's complaint or that the County's right to relief necessarily depends on resolution of a substantial question of federal law. *See Franchise Tax Bd.,* 463 U.S. at 27-28. The County's complaint asserts only state law claims. The County is seeking to collect child support payments from Agustin pursuant to the California Family Code. Such claims arise under state law and do not depend upon the resolution of a substantial question of federal law. Federal law will only arise if Agustin raises federal law as a defense to the County's claims.[3]

Nor has Agustin demonstrated that federal law completely pre-empts the California Family Code provisions governing child support payments. The test for complete pre-emption "is whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993); *Hofler*, 296 F.3d at 768. Agustin has made no showing that Congress intended to pre-empt all state law claims under the California Family Code with the passage of Title IV-D of the Social Security Act. The federal provisions set forth in Title IV-D are "simply a yardstick" by which the federal government can "measure the systemwide performance of a State's Title IV-D

---

[3] The Court rejects Agustin's argument that "the County has conceded" by acknowledging the interaction between Title IV-D services and state agencies, that federal laws "create the County's cause of action." (Opp. Br. at 7.) The County filed a motion to remand and explained the County's position against removal. The County has not conceded that the action "arises under federal law" for the purpose of exercising federal question jurisdiction.

4

program." *Blessing v. Freestone*, 520 U.S. 329, 333 (1997) (describing the relationship between Title IV-D and Arizona's state child support services). Title IV-D sets federal guidelines by which participating state agencies must abide in order to receive federal funds. 42 U.S.C. §§ 651-669; *Blessing*, 520 U.S. at 334-335. Under Title IV-D, the state is responsible for establishing "a comprehensive system to establish paternity, locate absent parents, and help families obtain support orders." 42 U.S.C. §§ 651, 654; *Blessing*, 520 U.S. at 333-334. While Title IV-D and the California Family Code have some interaction, the guidelines established under Title IV-D neither completely pre-empt state law claims nor supplant state law claims with federal claims. Thus, removal on the basis of complete pre-emption is inappropriate because there is no federal statute under which the County would be able to bring a similar action against Agustin.

Therefore, Agustin merely demonstrates, at most, that he has defenses to the County's complaint which arise under federal law. Because a case may not be removed to federal court merely on the basis of a federal defense, Agustin fails to establish federal jurisdiction for purposes of removal.

**C.    The County's Action Is not Removable Under 28 U.S.C. § 1443**

Although Agustin's notice of removal relied solely on 28 U.S.C. § 1441 for removal, in his opposition to the County's motion to remand, Agustin asserts that 28 U.S.C. § 1443 ("Section 1443") provides a basis for removal. Even if the Court were to allow him leave to amend his notice of removal at this late stage, Agustin has not demonstrated that this case may be removed pursuant to Section 1443. Section 1443(1) permits removal of a state court action where the defendant "is denied or cannot enforce" his or her civil rights in state court. 28 U.S.C. § 1443(1). Removal under Section 1443(1) is rare and is only proper "where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (*citing Georgia v. Rachel*, 384 U.S. 780, 791-792 (1966)).

5

Agustin bears the burden of demonstrating that removal is proper. *See Gaus*, 980 F.2d at 566. While Agustin cites to 28 U.S.C. § 1443 as a basis of removal, he fails to make any showing that he would not be able to enforce his civil rights in state court. Therefore, he has not demonstrated that this case may be removed pursuant to Section 1443.

### IV. CONCLUSION

For the foregoing reasons, the County's motion to remand is GRANTED. All further proceedings in this matter will be heard in State Court.

**IT IS SO ORDERED.**

Dated: October 31, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE